Howard MacLAUGHLIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 5, 1986.

Discretionary Review Denied by Supreme Court Oct. 28, 1986.

Ephraim W. Helton, Appellate Public Advocate, Danville, for appellant.

David L. Armstrong, Atty. Gen., Carl Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before WILHOIT, COOPER and DUNN, JJ.

DUNN, Judge.

This is an appeal from an order of the Fayette Circuit Court denying appellant's RCr 11.42 motion to vacate the judgment revoking his probation. The basis for the motion was that appellant received ineffective assistance of counsel.

In May, 1983, Howard MacLaughlin was charged with seven counts of sodomy by engaging in deviate sexual intercourse with two children. After plea bargaining he pled guilty to one count of sodomy in the third degree and the other six counts were dismissed. MacLaughlin was sentenced to five years' imprisonment; however, the Court withheld entry of the judgment and instead sentenced him to two years' probation.

On May 6, 1984, MacLaughlin appeared in Fayette District Court and pled guilty to the misdemeanor charge of criminal facilitation. The Court imposed a fine of $50.00. He pled guilty in Fayette Juvenile Court on May 23, 1984, to the charge of an unlawful transaction with a minor. MacLaughlin was again fined and received a one-year probated sentence. On May 30, 1984, he was arrested and charged with violating the probation imposed upon him in 1983 for the sodomy conviction.

At the probation revocation hearing in June of 1984 the court found that MacLaughlin had violated the terms of his probation by being convicted in Fayette Juvenile Court. The court entered an order revoking probation and sentencing MacLaughlin to five years' imprisonment.

In January of 1985 MacLaughlin filed a pro se motion to vacate sentence and judgment pursuant to RCr 11.42. The court appointed "Legal Aid" to represent him in his RCr 11.42 proceeding. On May 2, 1985, without granting an evidentiary hearing, the court overruled appellant's motion.

On appeal MacLaughlin argues that the trial court erred in overruling his RCr 11.42 motion because he was denied effective assistance of counsel during his probation revocation hearing. He also contends that the Court erred in not granting his motion for an evidentiary hearing since he presented the court with issues of fact which could not be resolved by resorting to the record alone. We disagree.

■ Appellant maintains that counsel rendered ineffective assistance when he failed to collaterally attack the two district court convictions which precipitated the probation revocation. A showing that counsel's assistance was so ineffective as to require reversal has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so prejudiced the defense that, but for the errors of counsel, there is a reasonable likelihood that the results would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *Accord, Gall v. Commonwealth,* Ky., 702 S.W.2d 37, 39–40 (1986). In the case at hand it was established at the probation revocation hearing that appellant had violated the conditions of his probation. The court in its discretion deemed the violations serious enough to warrant the revocation of probation. Appellant has not demonstrated any likelihood that the court would have come to a different conclusion had counsel attacked the two misdemeanor convictions.

■ We concur with the trial court that counsel could not have countered the fact that appellant was convicted of the misdemeanor charges subsequent to his probation and furthermore any attack on the misdemeanor convictions should have been made in the Fayette District Court. Since counsel's performance could not have prejudiced appellant's case, we find that the trial court was acting within its discretion in overruling the motion to vacate judgment without an evidentiary hearing.

For these reasons, the judgment of the Fayette Circuit Court is affirmed.

All concur.