**Kevin SHEGOG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2007–CA–000680–MR.**

Court of Appeals of Kentucky.

July 25, 2008.

As Modified Sept. 19, 2008.

Discretionary Review Denied by Supreme Court Feb. 11, 2009.

Kevin Shegog, Sandy Hook, KY, pro se.

Gregory D. Stumbo, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

*OPINION*

THOMPSON, Judge.

Kevin Shegog appeals from an order of the Campbell Circuit Court denying his motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. For the reasons stated herein, we affirm.

On May 28, 2001, Joy Powell, a customer inside a BP gas station, observed an African–American man wearing a red and white sports jacket and a nylon stocking on his head walk past the front window and enter the store. After entering the store, the man grabbed Powell and announced that he had a gun as he pulled the nylon stocking down over his face.

He then ordered Powell to join the store clerk behind the counter where both were ordered to lie on the floor. After taking money from the cash register, the man exited the store and drove away in a dark colored vehicle. Steve Powell, Joy's husband, who was watching from outside the gas station, called 911 and informed police that the getaway car had a vanity license plate bearing the name "Shegog."

The following day, Powell was shown a photo line-up but she was unable to identify the robber due to the poor quality of the

computer-generated images. After she was shown a second line-up of color photos, Powell identified Shegog as the robber. After Shegog was indicted, Mr. Steven Dowell, Shegog's defense attorney, filed a motion requesting the appropriation of funds for the purpose of procuring an eyewitness identification expert.

The trial court advised Mr. Dowell that eyewitness identification expert witnesses and funding to procure such witnesses were not proper under then-current law. Based on this off-the-record statement by the court, Mr. Dowell withdrew the request for funding, and the case proceeded to trial on April 2, 2002. The jury found Shegog guilty of first-degree robbery, and the trial court sentenced him to twenty years' imprisonment. On direct appeal, the Supreme Court affirmed his conviction in *Shegog v. Commonwealth,* 142 S.W.3d 101 (Ky.2004).

On December 8, 2004, Shegog filed a motion for post-conviction relief pursuant to RCr 11.42. After the Commonwealth's response, the trial court denied Shegog's motion without granting a hearing. Following the trial court's denial of this motion, in Case No. 2005–CA–000367–MR, this Court reversed the lower court after concluding that Shegog's allegation regarding his defense counsel's failure to impeach a material witness was not refuted by the record and, thus, necessitated the granting of an evidentiary hearing. After an evidentiary hearing was conducted on remand, the trial court again denied Shegog's motion for post-conviction relief. This appeal followed.

On appellate review of a claim of ineffective assistance of counsel, we are governed by the standard set out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard, the movant must demonstrate (1) that counsel made serious errors re-

sulting in a performance outside the range of professionally competent assistance guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense so seriously that there is a reasonable likelihood that the outcome of the trial would have been different absent the errors. *MacLaughlin v. Commonwealth,* 717 S.W.2d 506, 507 (Ky.App.1986).

■■■ "In determining whether the degree of skill exercised by the attorney meets the proper standard of care, the attorney's performance is judged by the degree of its departure from the quality of conduct customarily provided by the legal profession." *Centers v. Commonwealth,* 799 S.W.2d 51, 55 (Ky.App.1990). Finally, "[i]n considering ineffective assistance, the reviewing court must focus on the totality of evidence before the judge or jury and assess the overall performance of counsel throughout the case in order to determine whether the identified acts or omissions overcome the presumption that counsel rendered reasonable professional assistance." *Haight v. Commonwealth,* 41 S.W.3d 436, 441–442 (Ky.2001).

■■ Shegog first contends that his defense counsel rendered ineffective assistance when counsel withdrew the funding request for an eyewitness identification expert. Specifically, he contends his defense counsel should have recognized the necessity of an eyewitness identification expert due to the importance of Joy Powell's eyewitness testimony. Therefore, Shegog contends his defense counsel was obligated to obtain a ruling on the admissibility and funding of eyewitness identification expert testimony. We disagree.

When Shegog's trial began on April 2, 2002, the question of whether criminal defendants could obtain and introduce testimony from eyewitness identification experts during trial was unsettled in our

Commonwealth. While Shegog is correct that this Court rendered an opinion on this question prior to his trial, our Supreme Court granted discretionary review of our decision and resolved the question in *Commonwealth v. Christie*, 98 S.W.3d 485 (Ky. 2002), wherein the court held that funding for eyewitness identification witnesses could be granted when appropriate pursuant to Kentucky Rules of Evidence (KRE) 702 and 403. *Id.* at 492. Therefore, until the *Christie* decision, there was no published precedent on this issue.

The trial court in the instant case advised defense counsel that the admission of eyewitness identification expert testimony was not supported by law. As previously noted, the *Christie* decision subsequently rendered this off-the-record legal pronouncement invalid. Notwithstanding the *Christie* decision, we strongly note that the trial court's advice was not errant at the time it was given. While Mr. Dowell could have obtained a ruling on the funding request, presumably a denial, it cannot be said that it was a constitutional deprivation for defense counsel to withdraw the motion.

■ Furthermore, defense attorneys are not required to move for the admission of evidence where its admissibility is still an open question. *Haight v. Commonwealth*, 41 S.W.3d 436, 448 (Ky.2001). "The *Strickland* standard does not consider counsel's actions with hindsight. Failure to anticipate correctly a future ruling of the court does not present an ineffective assistance claim." *Sanborn v. Commonwealth*, 975 S.W.2d 905, 913 (Ky.1998). Consequently, Shegog's defense counsel did not render ineffective assistance when he withdrew the request for funding.

As a final note on eyewitness identification experts, we recognize that trial courts must consider the unique facts of each case when ruling on the funding and admissibility of such experts. *Christie*, 98 S.W.3d at 492. A guiding principle should be the strength or weakness of the evidence corroborating the eyewitness' positive identification of a defendant. If the eyewitness' testimony is the only evidence supporting a defendant's guilt, a defendant should be permitted, if requested, to obtain an eyewitness identification expert. Otherwise, the accuracy and reliability of guilty verdicts themselves cannot be assured. Here, there was other evidence of Shegog's guilt.

■ Shegog next contends that the Commonwealth failed to disclose exculpatory impeachment evidence to his defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Shegog alleges that the Commonwealth failed to disclose that it had plea-bargained with Steve Powell on an unrelated case prior to Shegog's trial. He contends that this non-disclosure deprived him of the ability to effectively impeach Mr. Powell's testimony. We disagree.

■ Under *Brady*, the prosecution's intentional or unintentional non-disclosure of evidence favorable to a defendant violates his procedural due process rights where the evidence is material to guilt or punishment. *U.S. v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Undisclosed evidence is material if "there is a 'reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome." *Bowling v. Commonwealth*, 80 S.W.3d 405, 410 (Ky. 2002), *citing United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494 (1985). We review whether a *Brady* violation has occurred *de*

*novo.* *Commonwealth v. Bussell,* 226 S.W.3d 96, 100 (Ky.2007).

Anthony Bracke, the attorney who prosecuted Shegog, testified that Mr. Powell was indicted on drug and gun possession charges on April 26, 2001. Although he admitted to prosecuting Mr. Powell, he testified he was unaware of his prosecution of Mr. Powell during Shegog's trial, and that he was unaware if he had made any court appearances during Mr. Powell's prosecution. The record appears to reflect that Mr. Powell was never asked at any point about his criminal record during Shegog's prosecution.

Undoubtedly, the prosecutor failed to disclose this collateral matter to Shegog's defense counsel. Notwithstanding the Commonwealth's failure, the non-disclosed information was immaterial to Shegog under the facts of this case. During the commission of the robbery, Mr. Powell called 911 and gave a real-time description of Shegog's flight. A recording of this call was played at trial, and it was clear that Mr. Powell identified the robbery suspect's car as having a vanity license plate bearing the name "Shegog." Accordingly, the Commonwealth's non-disclosure of Mr. Powell's unrelated plea bargain was immaterial because the non-disclosure did not undermine the confidence of the jury's verdict.

For the foregoing reasons, the order of the Campbell Circuit Court is affirmed.

ALL CONCUR.