RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0972-MR

LEONARD HORNSBY                                                        APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 16-CR-00901

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

CETRULO, JUDGE:  Leonard Hornsby ("Hornsby"), *pro se*, appeals from the denial of his post-conviction motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42.  For the foregoing reasons, we affirm the Kenton Circuit Court.

Hornsby was convicted of possession of a handgun by a convicted felon and assault in the first degree in the Kenton Circuit Court.  Those convictions followed two separate jury trials in 2017.  Prior to this appeal, Hornsby appealed

those convictions to this Court. *Hornsby v. Commonwealth*, No. 2018-CA-001083-MR, 2020 WL 4723727 (Ky. App. Aug. 14, 2020). This Court affirmed the circuit court on all four of the claims Hornsby asserted in that appeal.

However, in that appeal, Hornsby did not raise the claim that he now raises – a challenge to the failure by the Commonwealth's Attorney to disclose relevant discovery. A brief background on that issue is necessary.

## PROCEDURAL BACKGROUND

Hornsby was charged with shooting Ethan Mattrella ("Mattrella") in Covington, Kentucky on May 9, 2016. He fled the state and was arrested in Tennessee a few months later. Subsequently, he was indicted on charges of assault in the first degree and possession of a handgun by a convicted felon. The first trial addressed the possession of a handgun charge and began in August 2017. Prior to that trial, then-Assistant Commonwealth's Attorney Lawrence Hilton ("Hilton") advised the circuit court that he had provided all discovery necessary for that case to proceed.

However, on the morning of the trial, Hilton stipulated that his office also had a transcript of a 911 call by Mattrella. Hornsby had not received that transcript prior to the trial date. Mattrella, however, testified at that trial and denied having made a 911 call on the day of the shooting. Nonetheless, the jury

-2-

found Hornsby guilty of the possession of a handgun charge, and a few months later, the matter proceeded to trial on the assault charge.

Hornsby was provided with the transcript of the 911 call prior to the start of the second trial. He was also found guilty at that trial and received concurrent sentences on the two convictions, for a total sentence of ten years' imprisonment. As mentioned, Hornsby filed an appeal to this Court, raising four separate grounds, which were all addressed by a separate panel. He argued that the circuit court erred by 1) failing to appoint substitute counsel to represent him; 2) failing to grant a directed verdict on the assault charge; 3) allowing the Commonwealth to introduce his prior felony convictions to prove he was a convicted felon; and 4) allowing the Commonwealth to elicit expert testimony from Dr. Baxter. He never referenced, however, the argument now presented – that the failure to produce the 911 transcript prior to the first trial had compromised his right to a fair trial.

In 2021, after the initial appeal was completed, Hornsby filed this RCr 11.42 motion with the circuit court, contending that the Commonwealth's alleged failure denied him the opportunity to properly address the credibility of an adverse witness during his trial for possession of a handgun by a convicted felon. The circuit court denied the motion on the basis that this argument could and should have been addressed in the initial appeal.

**STANDARD OF REVIEW**

A denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the circuit court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998) (citation omitted). Abuse of discretion occurs when the circuit court enters an order or makes a ruling which is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

"It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding[.]" *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky. 2009) (quoting *Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972)) (internal quotation marks omitted). In *Leonard*, our Supreme Court "recognized the difference between an alleged error and a separate collateral claim of ineffective assistance of counsel related to the alleged error[.]" *Id.* at 158 (citing *Martin v. Commonwealth*, 207 S.W.3d 1 (Ky. 2006)). A direct error is "alleged to have been committed by the trial court (*e.g.*, by admitting improper evidence) . . . [while an] ineffective-assistance claim is collateral to the direct error, as it is alleged against the trial attorney (*e.g.*, for failing to object to the improper evidence)." *Id.*

However, here, Hornsby did not allege the typical ineffective assistance of counsel claims with his motion.[1]  Rather, he couched his RCr 11.42 motion as one to vacate the judgment on the basis of a claimed violation of his constitutional rights.

It is true that the prosecutor has an obligation to disclose exculpatory evidence upon request so as to not violate the defendant's due process.  *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L Ed. 2d 215 (1963).  To fall under the *Brady* rule, the evidence must be material.  *Id.*  "Undisclosed evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A reasonable probability is the probability sufficient to undermine the confidence in the outcome."  *Shegog v. Commonwealth*, 275 S.W.3d 728, 731 (Ky. App. 2008) (internal quotation marks and citation omitted).

In an RCr 11.42 motion, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding.  A

---

[1] Although Hornsby was appointed counsel at his first trial, he expressed dissatisfaction with the assigned advocates and sought to represent himself.  The circuit court conducted a *Faretta* hearing and granted Hornsby's request to represent himself with standby counsel present at both trials.  *See Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).  Similarly, he sought to proceed *in forma pauperis* on this appeal and sought appointment of counsel which the circuit court granted.  However, he then directed his advocate not to "change, modify, or alter" the motion he had filed for RCr 11.42 relief.

reviewing court must always defer to the determination of facts and witness credibility made by the circuit judge." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard*, 279 S.W.3d 151 (internal citation omitted). An RCr 11.42 motion is "limited to issues that were not and could not be raised on direct appeal." *Id.*

Correspondingly, direct errors pertaining to the rulings of the trial court are not the proper basis for an RCr 11.42 motion. Hornsby does not assert that he was unaware of the now alleged failure to turn over the 911 transcript before his direct appeal. Indeed, the record is clear that he had the transcript prior to the second trial. He does not allege how his constitutional rights were denied by the delay in turning over the 911 call transcript. Rather, it appears that this had no effect at all, as the evidence does not appear material. Hornsby received it prior to the second trial; the Commonwealth stipulated that they had a copy of the call transcript at the beginning of the first trial; and Mattrella testified, inconsistent with the stipulation, that he had made no such call.

Moreover, Hornsby did not sufficiently establish that the transcript of the 911 call by the victim was exculpatory. He provided no argument that this requested, but undisclosed, information affected the outcome of his first trial, and he failed to demonstrate that the transcript was material evidence at all. *See, e.g.,* *Davis v. Commonwealth*, 795 S.W.2d 942 (Ky. 1990) (defendant failed to prove

-6-

materiality of evidence); *Shegog*, 275 S.W.3d 728 (victim's indictment for unrelated crimes not material). Vague assertions that evidence was exculpatory "are not sufficient to establish a reasonable belief that the records contain [material and] exculpatory evidence." *Howard v. Commonwealth*, 595 S.W.3d 462, 469 (Ky. 2020) (internal quotation marks and citation omitted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985) (citation omitted).

In short, if the failure to produce that transcript prior to the first trial resulted in any error at all, which Hornsby did not indicate, it was nevertheless a claim that certainly could, and should, have been raised on the direct appeal. *See Commonwealth v. Basnight*, 770 S.W.2d 231, 237 (Ky. App. 1989) ("It is clear from our case law that the RCr 11.42 procedure is not designed to give . . . a review of trial errors that should have been addressed upon the direct appeal."). Post-conviction relief is not a "substitute for appeal nor does it permit a review of all of the alleged trial errors." *Harris v. Commonwealth*, 441 S.W.2d 143, 144 (Ky. 1969) (citations omitted).

We agree with the circuit court that there was no showing of a violation of Hornsby's constitutional rights and further that his claim of error may

not be prosecuted via an RCr 11.42 proceeding. The circuit court did not abuse its discretion in so ruling, and the judgment of the Kenton Circuit Court is therefore AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Leonard R. Hornsby, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky