**Lenoral THACKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Lawrence R. Webster, Pikeville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

This is an appeal from an order overruling appellant's motion to vacate a judg-

ment of conviction pursuant to RCr 11.42. Appellant complains that he was convicted on perjured testimony.

Thacker was sentenced to life imprisonment on a verdict finding him guilty of committing rape upon a child under twelve years of age. The crime consisted of a series of acts of rape commencing in the summer of 1966 and extending up to March 4, 1969. The prosecuting witness, Carolyn Sue Hess, the stepdaughter of Thacker, testified in detail concerning the repeated acts of Thacker. Her testimony was corroborated by that of her sister and brother, Teresa Lynn Hess and Gene Lee Hess. The mother, Betty Jo Thacker, wife of Lenoral Thacker, did not testify at the trial, although she had done so at the examining trial and before the grand jury.

Thacker moved for a new trial, filing in support of the motion affidavits of Carolyn Sue Hess, Teresa Lynn Hess, Gene Lee Hess, and the mother Betty Jo Thacker. These affidavits recanted the prior testimony of these witnesses and admitted a conspiracy to falsely convict Thacker.

The motion for a new trial was overruled. An appeal was taken to this court. Upon a consideration of the appeal the court had available and examined the entire proceeding of the trial court, including all testimony and exhibits heard and filed in support of the motion for new trial. The case was affirmed. See Thacker v. Commonwealth, Ky., 453 S.W.2d 566 (1970).

This court has previously examined and passed on every ground alleged in the RCr 11.42 motion, and the court will not retry those issues. It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court. See Hoskins v. Commonwealth, Ky., 420 S.W.2d 560 (1967);

Fields v. Commonwealth, Ky., 408 S.W.2d 638 (1966); and Parsley v. Commonwealth, Ky., 400 S.W.2d 202 (1966).

The judgment is affirmed.

All concur.