RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0670-MR

FREDERICK L. MILLER                                          APPELLANT

v.          APPEAL FROM WARREN CIRCUIT COURT
            HONORABLE STEVE ALAN WILSON, JUDGE
            ACTION NO. 15-CR-00751

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Frederick L. Miller ("Miller"), *pro se*, appeals the

order of the Warren Circuit Court denying his motion to vacate, set aside, or

correct his sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42.

Following a careful review of the record and the law, we affirm.

# I.    BACKGROUND

On September 23, 2015, Miller was indicted by the Warren County Grand Jury on 14 counts of criminal activity primarily relating to possessing and trafficking in controlled substances. Miller was also indicted on one count of being a persistent felony offender in the first degree (PFO I). Following a jury trial, Miller was convicted of seven counts of trafficking in a controlled substance in the first degree, one count of possession of drug paraphernalia, one count of operating a motor vehicle on a suspended or revoked operator's license, and one count of being a persistent felony offender in the first degree (PFO I). Due to the PFO enhancement, Miller was sentenced to 18 years' imprisonment.

The PFO I charge and subsequent jury verdict against Miller were predicated on the following convictions: a December 23, 2009 conviction for unlawful transaction with a minor in the second degree in Case No. 03-CR-00204; an April 2, 2004 conviction for failure to register as a sexual offender in Case No. 03-CR-00014, enhanced by a conviction for PFO I in Case No. 03-CR-00379; a November 18, 1987 conviction for trafficking in a schedule two narcotic controlled substance in Case No. 87-CR-00390; a June 4, 1987 conviction for criminal attempt to commit sodomy in the first degree and being a persistent felony offender in the second degree in Case No. 86-CR-00190; and a February 24, 1982

conviction for two counts of wanton endangerment in the first degree in Case No. 81-CR-00452.

During the trial, and later, between the jury verdict and the penalty phase of his proceedings, Miller's counsel moved for a directed verdict of acquittal on the PFO I charge. The circuit court denied those motions, and Miller was ultimately convicted and sentenced. Miller appealed the circuit court's denial of his motions for a directed verdict, and this Court affirmed on direct appeal.[1]

On July 16, 2018, Miller filed his motion pursuant to RCr 11.42. The motion was denied by order of the Warren Circuit Court on March 23, 2020, and this appeal followed.

## II.    STANDARD OF REVIEW

"We review the trial court's denial of an RCr 11.42 motion for an abuse of discretion." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). On an appeal from an order denying an RCr 11.42 motion without an evidentiary hearing, we review "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). A hearing is only required if an RCr 11.42 motion raises an issue that cannot be

---

[1] *Miller v. Commonwealth*, No. 2016-CA-000748-MR, 2017 WL 3129216 (Ky. App. Jul. 21, 2017).

determined on the face of the record. RCr 11.42(5); *Fraser v. Commonwealth*, 59 S.W.3d 448, 455 (Ky. 2001). A trial court's findings will not be disturbed absent a finding of clear error. *Commonwealth v. Payton*, 945 S.W.2d 424, 425 (Ky. 1997).

### III. ANALYSIS

On appeal, Miller argues that he received ineffective assistance of counsel when: (1) his trial counsel failed to object to improper character evidence and inadmissible hearsay statements; (2) his trial counsel failed to call a witness from the Department of Corrections to explain that the predicate offense for the PFO I charge expired outside the statutory timeframe to qualify as a predicate offense; (3) his trial counsel failed to investigate his prior convictions and to put forth mitigating evidence at the penalty phase of his trial proceedings; (4) his trial counsel failed to object to jury instructions regarding the PFO I charge; (5) his trial counsel failed to object to alleged prosecutorial misconduct; and (6) his trial counsel denied him of his right to testify under the Fifth Amendment to the United States Constitution. Miller also argues that he was entitled to an evidentiary hearing on the claims below. In addition, Miller appears to argue that his appellate counsel on direct appeal was ineffective.

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court set forth a two-part test for ineffective assistance of counsel claims. A movant is only entitled to relief when

his counsel's performance was both deficient and actually prejudicial to the outcome in his case. *Id*. at 687, 104 S. Ct. at 2064. To prove that counsel was deficient, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. With regard to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068.

A. **Trial Counsel's Failure to Object to Testimony of Whitney Taylor and Rena Martin**

Miller argues that his trial counsel was ineffective by failing to object to improper character evidence provided through the trial testimony of Whitney Taylor and Rena Martin. At trial, both witnesses were called to testify on behalf of the Commonwealth. Taylor testified that she had previously lived with Miller and was romantically involved with him for a brief period, but that their relationship was eventually limited to the business of buying and selling drugs. She testified that she had purchased cocaine from Miller in the past, and that Miller had taught her how to sell drugs, but that she did not share any of the profits of her drug sales with Miller.

Martin testified that she had also lived with Miller and was in a romantic relationship with him for a brief period. She also testified that Miller would advise her on how to cook and sell drugs, and that she would buy drugs from Miller to sell to other individuals. During both Taylor's and Martin's testimonies, the Commonwealth also played for the jury recordings of wiretapped phone conversations between the two witnesses and Miller regarding drug activity.

Miller contends that the Commonwealth elicited testimony from Taylor and Martin to portray him as a "habitual drug dealer." Miller's contention that his counsel was ineffective for failing to object to the testimony of Taylor and Martin is based on Kentucky Rule of Evidence (KRE) 404, which generally prohibits the use of evidence of a person's character or bad acts to prove action in conformity therewith on a particular occasion.

The circuit court found that Miller failed to explain how the testimony of Taylor and Martin prejudiced him. RCr 11.42(2) provides that a motion "shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." When a motion under RCr 11.42 fails to state grounds upon which relief may be granted, the motion may be properly denied without an evidentiary hearing. *Fraser*, 59 S.W.3d at 455. We agree with the circuit court that Miller did not specify any facts to support an argument that the testimony of Taylor and Martin was prohibited

character evidence under KRE 404, nor did he provide any more than the conclusory allegation that the Commonwealth used the testimony to "portray Miller as a habitual drug dealer and deliberately and methodically [elicit] inadmissible testimony relating to past drug dealing by Miller."

Moreover, the record does not support Miller's claim that his trial counsel failed to object on the grounds that Taylor's or Martin's testimony constituted impermissible character evidence. Prior to Taylor taking the stand, Miller's trial counsel did formally object to Taylor's testimony in a bench conference:

> Judge, as far as Ms. Taylor goes, I know that they are going to question her about some drug transactions, things like that. In part of the e-mail I received from [the Commonwealth] regarding Ms. Taylor he indicated there would be testimony regarding Mr. Miller teaching her how to sell drugs. I would object to any line of testimony or any line of questioning in that manner. I do think that it goes beyond the scope of what the proof has been in this case . . . and I think that would go more to his character, more [KRE] 404(b), which we never received notice of.

The Commonwealth responded by explaining that Taylor's testimony was relevant to its theory of the case because Taylor was part of an alleged drug syndicate involving Miller. The circuit judge overruled the objection of Miller's counsel, noting that he believed Taylor's testimony was relevant to the concept of Miller being involved in a criminal enterprise. Similarly, prior to Martin's testimony,

-7-

Miller's counsel approached the bench and stated a nearly identical objection on the record. The circuit judge overruled the objection on the same grounds.

Accordingly, because Miller's trial counsel did object to Taylor's and Martin's testimony based on improper character evidence, we find no error in her representation in this respect, and we affirm the finding of the circuit court with respect to this issue.

**B.      Trial Counsel's Failure to Object to Recording of Conversation with Deonta Yarbrough**

Next, Miller alleges that his trial counsel was ineffective by failing to object to a recording of a telephone conversation between Miller and Deonta Yarbrough that was played at trial. Miller argues that because neither he nor Yarbrough testified at trial, there was no way to verify that the voice on the other end of the recording was Yarbrough's.

Again, Miller fails to state with specificity the evidence on the recording that would have been precluded by a successful objection by counsel, or how he was prejudiced by his counsel's decision not to object to the recording. "Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so warrant a summary dismissal of the motion." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (internal quotation marks omitted).

Miller further argues that regardless of the performance of his trial counsel, the circuit court abused its discretion by allowing the recording to be considered. "It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court." *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky. 2009) (quoting *Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972)). The claim that the circuit court abused its discretion by allowing the introduction of certain evidence at trial is certainly an issue which could have been pursued on direct appeal, rather than in a collateral attack. Accordingly, we affirm the finding of the circuit court with respect to these issues.

### C. Claims Regarding PFO I Charge

Miller raises several issues related to the PFO I charge that enhanced his sentence. The Commonwealth argues that each of Miller's allegations is merely an attempt to reconstruct the arguments he made on direct appeal. The circuit court addressed Miller's arguments regarding his PFO I conviction with a single sentence in its order denying relief under RCr 11.42: "The movant's arguments regarding his PFO I conviction were already addressed by the Court of Appeals and this [c]ourt will not restate that Court's opinion."

This Court addressed Miller's arguments on direct appeal as follows:

Miller also argues that the conviction in Case No. 03-CR-00014 did not qualify as a predicate for the PFO I charge because service of the sentence was not completed within five years of the commission of the offenses in the current case. During the trial, the Commonwealth had Detective Gordon Turner testify based on official court documents and documents from the Department of Corrections on Miller's prior criminal history. The evidence indicated that Miller was discharged from further service of his sentence in Case No. 03-CR-00014 on December 23, 2009. Miller contends that the date of discharge is not the operative date for determining the date of completion of service for purposes of KRS 532.080(3)(c)(1). He argues that the Commonwealth must establish the date of completion of a sentence under the statute beyond a reasonable doubt. This would include the application of the various provisions involving service credit available while imprisoned, such as good time credit, that must be applied to determine completion of service. However, he has presented no other legal authority directly supporting this interpretation of the statute.

*Miller*, 2017 WL 3129216, at *2 (footnotes omitted). On direct appeal, Miller argued that certain prior convictions were improperly used as the predicate offenses supporting the PFO I charge.

In the case *sub judice*, Miller alleges that his trial counsel was ineffective by failing to put forth mitigating evidence at the penalty phase of the proceedings to refute sentencing enhancement of the PFO I charge against him. Specifically, he claims that his counsel should have called a witness from Probation and Parole or the Department of Corrections to explain that a prior conviction used for the PFO I charge could not qualify as a predicate offense.

-10-

We agree with the circuit court that these arguments are mere reiterations of those raised on direct appeal. Moreover, Miller's trial counsel filed a total of three motions to prohibit the use of Miller's convictions in No. 03-CR-00014, No. 03-CR-00204, and No. 03-CR-00379 for purposes of penalty enhancement as a persistent felony offender. Accordingly, we hold that the circuit court did not abuse its discretion when it denied Miller's RCr 11.42 motion without an evidentiary hearing.

Miller next argues that the prosecutor engaged in misconduct by knowingly misstating the law regarding the PFO I charge and that his trial counsel was ineffective by failing to object to such alleged prosecutorial misconduct. Again, "[i]t is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this [C]ourt." *Thacker*, 476 S.W.2d at 839. Miller could have raised the issues relating to prosecutorial misconduct on direct appeal. Thus, these issues are an inappropriate subject of an RCr 11.42 motion and not properly before the Court. *See Brown v. Commonwealth*, 788 S.W.2d 500, 501 (Ky. 1990); *see also Bowling v. Commonwealth*, 80 S.W.3d 405, 416 (Ky. 2002).

Finally, Miller argues that he was denied his Fifth Amendment right to testify, claiming that he would have testified to when he served out his

convictions in No. 03-CR-00014 and No. 03-CR-00204. In denying relief based on this allegation, the circuit court noted that Miller's desired testimony regarding his prior convictions was introduced through an avowal, which consisted of the exact records to which Miller would have testified. Accordingly, the circuit court did not err in denying relief without an evidentiary hearing on this issue because there were no material issues of fact that could not be "conclusively proved or disproved, by an examination of the record." *Fraser*, 59 S.W.3d at 452.

### D. Ineffective Assistance of Appellate Counsel

Miller now raises similar claims of ineffective assistance of counsel with respect to his appellate counsel. Specifically, he appears to argue that his counsel on direct appeal neglected to raise any issues regarding the testimony of Whitney Taylor or Rena Martin, or the admissibility of the recorded telephone conversation between Miller and Yarbrough. The circuit court addressed each of Miller's ineffective assistance of counsel arguments with respect to his trial counsel in the order denying his motion for RCr 11.42 relief. However, the circuit court's order was silent as to any claims concerning appellate counsel.

The Commonwealth argues that Miller did not raise the issue of ineffective assistance of appellate counsel (IAAC) in the trial court, and that it does not construe his argument on appeal to encompass IAAC claims. This is an important distinction. If the court did not rule on Miller's IAAC claims, we may

-12-

not review them. *See Smith v. Commonwealth*, 438 S.W.3d 392, 396 (Ky. App. 2014) (remanding a post-conviction matter because the trial court failed to rule on the defendant's ineffective assistance of appellate counsel claim, which was raised in his RCr 11.42 motion). Thus, our review is limited to whether the issue was actually raised in the trial court, not to determine whether the issue was properly preserved, but more fundamentally to determine whether the trial court was obligated to issue a ruling on that issue.

In Miller's RCr 11.42 motion, there was only one discernable instance in which Miller even arguably alleged ineffective assistance of appellate counsel:

> Counsel was ineffective and movant was deprived of his rights under the 6th and 14th Amendments of the U.S. Constitution were [sic] counsel and appellant counsel failed to object and preserve improper character evidence and inadmissible hearsay statement by a witness.

The reference to "appellant" counsel could arguably be construed as misspelling of "appellate" or as simply a reference to Miller as an appellant, although the brief in question was filed in the trial court. To construe this as a reference to "appellate" counsel, however, would require this Court to ignore considerable context. Miller never again mentioned his direct appeal in his RCr 11.42 brief in the trial court. His motion contains no reference to his appellant's brief on direct appeal, and is silent as to the arguments made and omitted. Even within the single sentence in his trial court filing outlined above, Miller's references to a failure to "object and

-13-

preserve" improper evidence imply that he is referring only to trial counsel. Finally, it would be logically inconsistent for Miller to refer to trial counsel's failure to preserve issues while also alleging his appellate counsel was ineffective for failing to raise an admittedly unpreserved issue on direct appeal. We are persuaded by the Commonwealth's argument that Miller did not raise this issue in the trial court. Therefore, the trial court was not required to address the issue in its March 23, 2020 order. Likewise, we are not required to address the merits here. "An appellate court is without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks omitted). The trial court did not err by omitting this issue from its March 23, 2020 order denying Miller's RCr 11.42 motion.

For the foregoing reasons, the Warren Circuit Court order denying Miller's RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Frederick L. Miller, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky