RENDERED: JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0897-MR

WILLIAM B. YEAPLES                                            APPELLANT

v.                  APPEAL FROM BOURBON CIRCUIT COURT
HONORABLE JEREMY M. MATTOX, JUDGE
ACTION NOS. 12-CR-00019 & 13-CR-00100

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

CLAYTON, CHIEF JUDGE: William B. Yeaples appeals *pro se* from a Bourbon

Circuit Court order denying his motion to vacate, set aside or correct sentence

pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. Yeaples claims

that he received ineffective assistance of counsel in entering a guilty plea to

multiple charges. He further alleges that the trial court applied the wrong legal standard in denying his RCr 11.42 motion. Upon review, we affirm.

The underlying facts of the case are set forth in the opinion of the Kentucky Supreme Court on direct appeal:

> On Christmas day, 2011, Appellant, William B. Yeaples drove William Ross and John Haynes to the home of Lee Richardson. While at the residence, Ross and Haynes robbed and shot Lee and his son Joe Richardson. Lee died as a result. After the shooting, Yeaples drove away with Haynes and Ross in tow.
>
> Yeaples was subsequently arrested and indicted for complicity to murder, complicity to first-degree assault, and tampering with physical evidence. By information, Yeaples was also charged with complicity to first-degree robbery. At a pre-trial bond hearing, the lead investigating detective testified that Yeaples admitted to driving Ross and Haynes to and from the Richardson home, but denied knowing that they intended to rob, shoot, or kill anyone. The Commonwealth averred that Yeaples procured the murder weapon and provided it to Ross prior to the murder. This was based in part on Haynes' statements to the police.
>
> In exchange for a recommended sentence of 30 years' imprisonment, Yeaples pled guilty to all charges in both cases with the exception of complicity to murder, which was amended down to facilitation to murder. After entering his plea, Yeaples requested to waive his pre-sentence investigation and proceed immediately with sentencing. Considering the severity of the charges, the trial court postponed final sentencing.

*Yeaples v. Commonwealth*, No. 2014-SC-000129-MR, 2015 WL 1544302, *1 (Ky. Apr. 2, 2015).

-2-

Two months later, Yeaples filed a motion to withdraw his guilty plea on the grounds of ineffective assistance of counsel. In that motion, he asserted that: "1) trial counsel never advised him that pleading to lesser included offenses was a potential option; and 2) he complained to Ms. Crabbe [his attorney] that the facts recited in the guilty plea were inaccurate, but that Ms. Crabbe told him to plead to those facts because 'they were just the Commonwealth's version of the facts.'" *Id*. at \*2.

> At the hearing on the motion,
>
> Yeaples acknowledged that he had authorized Ms. Crabbe to engage in plea negotiations with the Commonwealth and that he discussed his plea agreement with Ms. Crabbe and a mitigation specialist. Ms. Crabbe testified that she discussed lesser included charges and potential defenses with Yeaples at various stages of the trial court proceedings.
>
> Ms. Crabbe also acknowledged that when Yeaples expressed reservations with the facts presented in the plea agreement, she informed him that it was her experience that the court would not accept the plea if Yeaples informed the court that he did not engage in those actions. Accordingly, the case would continue to trial. Ms. Crabbe further stated that it became clear over time that the Commonwealth was building a strong case and that she informed Yeaples that a sentence of life without parole was a possibility. She specifically noted that Yeaples' co-defendants and others agreed to testify against him.

*Id*.

After hearing the testimony of Crabbe and Yeaples, the trial court denied the motion, finding that the guilty plea was entered knowingly and voluntarily. Based on the testimony, it found that Yeaples was aware of lesser-included offenses and defenses; that Yeaples knew Crabbe had contacted the Commonwealth about the possibility of pleading to lesser-included offenses, but the Commonwealth had rejected those proposals, and that Crabbe's testimony about her conversations with Yeaples was credible.

In its written findings on the docket sheet, the trial court reiterated its verbal finding, based upon Crabbe's testimony, that Yeaples was aware of his defenses and of potential lesser-included offenses. The court further found that he was aware of the facts to which he was pleading guilty and acknowledged their truth under oath. The trial court found that the facts as testified to at the hearing gave a strong indication that the facts he pleaded guilty to and acknowledged in the Commonwealth's offer were true. Most significantly for purposes of this appeal, the trial court concluded that "[b]ased upon this, the court finds defendant's attorney was satisfactorily representing him and the plea was entered voluntarily."

On direct appeal, the Kentucky Supreme Court rejected Yeaples's argument that the trial court should have allowed him to withdraw his guilty plea, basing its decision on the totality of the circumstances and Yeaples's testimony at the hearing on the motion to withdraw. *Id.*

-4-

Yeaples then filed a motion pursuant to RCr 11.42, raising multiple claims of ineffective assistance of counsel against Crabbe in connection with his plea. He alleged that she failed to assist him in his defense; erroneously advised him to plead guilty and to waive his right to be indicted by a grand jury for the first-degree robbery charge; failed to conduct necessary research; was unwilling to discuss preparation and strategy for a trial; and erroneously advised him to tell the trial court that the facts set forth in the guilty plea were accurate when in fact they were not. Yeaples also filed a supplemental motion and memorandum containing additional claims that counsel's advice to proceed by information on the first-degree robbery charge was deficient; and that she failed to make a timely motion to withdraw his guilty plea. The trial court denied the motion without a hearing, on the grounds that all the legal issues raised in the motion were previously addressed by the court in the prior proceeding and fully adjudicated by the Kentucky Supreme Court opinion affirming the judgment. This appeal by Yeaples followed.

In order to prove ineffective assistance of counsel, a defendant must show: (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness, measured against prevailing professional norms; and (2) that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Gall v. Commonwealth*, 702 S.W.2d 37, 39 (Ky. 1985).

Both *Strickland* prongs must be met before relief may be granted. *Prescott v. Commonwealth*, 572 S.W.3d 913, 920 (Ky. App. 2019). A failure to prove either prong is dispositive. *Id.*

When a defendant argues that his guilty plea was rendered involuntary due to ineffective assistance of counsel, the trial court is required

> to consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel. To support a defendant's assertion that he was unable to intelligently weigh his legal alternatives in deciding to plead guilty because of ineffective assistance of counsel, he must demonstrate the following:
>
> > (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (internal quotation marks and citations omitted).

Yeaples argues that the trial court applied the wrong legal standard in reviewing his post-conviction arguments. Specifically, he challenges the trial court's ruling that his claims had already been addressed and resolved in the earlier

-6-

proceeding in which he unsuccessfully sought to withdraw his guilty plea. He contends that the trial court's approach was impermissible under *Martin v. Commonwealth*, 207 S.W.3d 1 (Ky. 2006), and that his ineffective assistance of counsel claims should have been reviewed afresh under the *Strickland* standard.

A convicted defendant is not permitted to use RCr 11.42 "to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court." *Thacker v. Commonwealth,* 476 S.W.2d 838, 839 (Ky. 1972). Prior to *Martin*, this procedural rule was applied broadly to bar ineffective assistance of counsel claims related to issues that were raised on direct appeal. *Leonard v. Commonwealth*, 279 S.W.3d 151, 157 (Ky. 2009). In *Martin*, the defendant's trial counsel failed to object to allegedly improper remarks made by the prosecutor in closing arguments. *Martin*, 207 S.W.3d at 2. On direct appeal, the Court reviewed this unpreserved issue for manifest injustice and concluded that the improper argument did not rise to the level of palpable error. *Id*.; *see* RCr 10.26. In his post-conviction RCr 11.42 motion, the defendant argued that his trial counsel was ineffective for failing to preserve the error. The Court of Appeals held that because he had raised the improper argument error on direct appeal, he was not entitled to raise it again in a collateral attack under RCr 11.42. *Id*. at 2. The

Kentucky Supreme Court reversed this holding, distinguishing palpable error

review from the review of claims of ineffective assistance of counsel:

> When an appellate court engages in a palpable error
> review, its focus is on what happened and whether the
> defect is so manifest, fundamental and unambiguous that
> it threatens the integrity of the judicial process.
> However, on collateral attack, when claims of ineffective
> assistance of counsel are before the court, the inquiry is
> broader. In that circumstance, the inquiry is not only
> upon what happened, but why it happened, and whether it
> was a result of trial strategy, the negligence or
> indifference of counsel, or any other factor that would
> shed light upon the severity of the defect and why there
> was no objection at trial. Thus, a palpable error claim
> imposes a more stringent standard and a narrower focus
> than does an ineffective assistance claim. Therefore, as a
> matter of law, a failure to prevail on a palpable error
> claim does not obviate a proper ineffective assistance
> claim.

*Id*. at 5.

Several years later, the Kentucky Supreme Court reiterated the

fundamental difference between "a direct appeal allegation of palpable error" and

"a collateral attack allegation of ineffective assistance of counsel based on the

alleged palpable error." *Leonard*, 279 S.W.3d at 158. It explained how the

distinction "makes sense" because "the palpable-error claim is a direct error,

usually alleged to have been committed by the trial court (e.g., by admitting

improper evidence)." *Id*. By contrast "[t]he ineffective-assistance claim is

collateral to the direct error, as it is alleged against the trial attorney (e.g., for

failing to object to the improper evidence)." *Id*. The Court stressed that the claims are one step removed from each other. "While such an ineffective-assistance claim is certainly related to the direct error, it simply is not the same claim. And because it is not the same claim, the appellate resolution of an alleged direct error cannot serve as a procedural bar to a related claim of ineffective assistance of counsel." *Id*.

In Yeaples's case, however, the claims addressed on direct appeal and in the post-conviction proceeding are identical: both alleged ineffective assistance of counsel and the two-part *Strickland* test for determining ineffective assistance of counsel is applied in both proceedings. "Ineffective assistance of counsel is a well-recognized premise for an RCr 8.10 motion to withdraw a guilty plea under Kentucky law." *Greene v. Commonwealth*, 475 S.W.3d 626, 629 (Ky. 2015) (footnotes and citations omitted). In order to succeed on a motion to withdraw a guilty plea under this theory, a defendant needs to "show that both his trial counsel, in fact, provided him with erroneous legal advice and that but for that mistake, he would not have pleaded guilty." *Id*.

Yeaples made allegations of ineffective assistance of counsel in his motion to withdraw his guilty plea, and a full hearing on the matter was held by the court. Crabbe testified extensively about her representation of Yeaples. Yeaples now claims as grounds for his RCr 11.42 motion that his plea was involuntary due

to counsel's errors and mis-advice.  He is precluded from raising these issues again because he raised them or could have raised them in his motion to withdraw the guilty plea.  The procedural bar is applicable in this case because the claims are identical and, in both instances, require a showing that both prongs of *Strickland* are met.  In denying the motion to withdraw the plea, the trial court expressly found, in accordance with the first prong of *Strickland*, that Yeaples's "attorney was satisfactorily representing him and the plea was entered voluntarily."  This ruling was affirmed on direct appeal.

For the foregoing reasons, the Bourbon Circuit Court's order denying the RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

William B. Yeaples, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky