RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1058-MR

MATTHEW M. JACKSON                       APPELLANT

v.        APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 03-CR-00333

COMMONWEALTH OF KENTUCKY               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Matthew M. Jackson appeals from the Warren Circuit Court's denial of his postconviction motion brought under Kentucky Rule of Criminal Procedure (RCr) 11.42 and Kentucky Rule of Civil Procedure (CR) 60.02. We affirm.

This case has a tangled procedural history, which we shall greatly condense. Jackson was indicted on a host of charges in the Warren Circuit Court

related to robberies of video stores. Jackson had previously "pled guilty in the Robertson Circuit Court in Tennessee to the late-night robbery of a Nashville-area Blockbuster store after being apprehended at the scene. Jackson also pled guilty to raping a female employee of that store." *Jackson v. Commonwealth*, No. 2003-SC-000777-MR, 2005 WL 2045482, at *1 (Ky. Aug. 25, 2005) (*Jackson I*). Jackson also confessed to the Tennessee authorities that he had "robb[ed] several Nashville-area Blockbuster stores . . . ." *Id.* Because of their similarities to the Kentucky offenses, the Warren Circuit Court permitted the Commonwealth to introduce evidence of the Tennessee robberies as "signature crimes." *Id.*

After trial, a Warren Circuit Court jury acquitted Jackson of some offenses but found him guilty of three counts of complicity to first-degree robbery and three counts of complicity to first-degree burglary. Jackson was sentenced to a total of sixty years' imprisonment. Our Supreme Court affirmed on direct appeal, rejecting Jackson's argument that the Warren Circuit Court erred by allowing the Commonwealth to introduce evidence of the Tennessee crimes. *Id.* at * 3-5.

Jackson then began a lengthy quest for postconviction relief from Tennessee state courts, federal courts, and Kentucky state courts. Jackson's federal postconviction petitions have been unsuccessful. *Jackson v. Cameron*, No. 21-5429, 2022 WL 1279731, at *1 (6th Cir. Mar. 2, 2022) (affirming the denial of postconviction relief and discussing Jackson's federal postconviction history).

However, as it relates to this case, a Tennessee appellate court ordered an evidentiary hearing to be held by a Robertson County, Tennessee trial court on Jackson's claim that he "did not enter his guilty pleas knowingly, voluntarily, and intelligently [to two counts of aggravated rape] because he did not know he would be subject to the requirement of community supervision for life." *Tennessee v. Jackson*, M2018-01971-CCA-R3-CD, 2020 WL 405474, at *3 (Tenn. Crim. App. Jan. 24, 2020). In 2021, the Robertson County, Tennessee trial court granted Jackson's motion to withdraw his guilty plea because he had not been advised of the lifetime supervision requirement. The limited record before us does not disclose any subsequent proceedings regarding those charges.

Meanwhile, Jackson has filed numerous postconviction motions in Kentucky state courts. We outlined those filings in a previous appeal:

> On December 4, 2006, Jackson returned to the Warren Circuit Court and sought post-conviction relief pursuant to RCr 11.42. *Jackson v. Commonwealth*, 03-CR-000333 (Warren Cir. Ct. Dec. 4, 2006) (motion to vacate sentence pursuant to RCr 11.42). The circuit court denied that relief on June 15, 2007, so Jackson appealed that denial to this Court. *Jackson v. Commonwealth*, No. 2007-CA-001396-MR (Ky. App. July 10, 2007) (notice of appeal). . . . Jackson filed a motion to dismiss the RCr 11.42 appeal, which was granted on February 13, 2008. *Id.* (Feb. 13, 2008 orders granting/dismissing).
>
> Again, Jackson turned to Warren Circuit Court for relief. He filed a motion pursuant to CR 60.02 asking the circuit court to reconsider the denial of his first request for RCr 11.42 relief, but the court denied the motion.

*Jackson v. Commonwealth*, 03-CR-000333 (Warren Cir. Ct. May 12, 2008) (order denying motion to reconsider RCr 11.42 pursuant to CR 60.02). Jackson did not appeal that denial to the Court of Appeals.

He did, however, file a new CR 60.02 motion in Warren Circuit Court that was denied on November 3, 2008. *See Jackson v. Commonwealth*, No. 2009-CA-000329-MR (Ky. App. Nov. 3, 2008) (circuit court judgment). He appealed that order.

In his second post-judgment appeal, this time of the denial of his CR 60.02 motion, Jackson was represented by the DPA. He did not perfect that appeal but instead eventually moved to dismiss it. *Jackson v. Commonwealth*, No. 2009-CA-000329-MR (Ky. App. Sept. 21, 2009) (motion to dismiss). The Court granted that motion. *Id.* (Nov. 20, 2009 order granting/dismissing).

Jackson then caused a new file to be opened in the Court of Appeals by filing a motion for a belated appeal. *Jackson v. Commonwealth*, No. 2011-CA-002072-MR (Ky. App. Nov. 14, 2011) (motion for belated appeal). This motion identified the appealed judgment as the same November 3, 2008 circuit court order denying CR 60.02 relief. *Id.* (Nov. 3, 2008 circuit court judgment). Because the prior appeal was timely, his motion for a belated appeal was denied. *Id.* (Apr. 23, 2012) (order denying belated appeal).

On June 29, 2015, Jackson filed a motion for relief pursuant to RCr 11.42 and CR 60.02, or in the alternative pursuant to [Kentucky Revised Statute] KRS 419.020 for a writ of habeas corpus. *Jackson v. Commonwealth*, 03-CR-000333 (Warren Cir. Ct. June 29, 2015) (motion). On April 9, 2018, the Warren Circuit Court denied Jackson's motions. *Id.* (April 9, 2018 order).

-4-

*Jackson v. Commonwealth*, No. 2018-CA-000653-MR, 2019 WL 6998657, at *1-2 (Ky. App. Dec. 20, 2019) (footnote and paragraph break omitted) (*Jackson II*).

We affirmed the Warren Circuit Court's denial of relief in *Jackson II*, primarily because Jackson raised arguments which he could have presented in his previous postconviction motions. *Id.* at *2-3 (citing, *e.g.*, *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011)).

Despite our admonition in *Jackson II* that successive postconviction motions are impermissible, Jackson filed the motion at hand in 2021. Although the motion is hazy at times, we perceive that it again attacks the Warren Circuit Court's decision to allow presentation of evidence of the Tennessee crimes at trial in light of the fact that Jackson's Robertson County, Tennessee convictions were vacated in 2021. In a supplement to his motion, Jackson also argues his counsel was ineffective for not properly informing Jackson of the fact that his offenses required him to serve 85% of his sentence before becoming eligible for parole and that "the Commonwealth has forfeited waiver of jurisdiction" by not more quickly requiring him to be transferred from custody in Tennessee to custody in Kentucky. The trial court denied the motion as successive. Jackson then filed this appeal.[1]

---

[1] Issuance of this Opinion was delayed because we temporarily placed the appeal in abeyance to allow the trial court to rule on Jackson's CR 59.05 motion to alter, amend, or vacate.

We begin by noting the limited record before us, which does not include the record of Jackson's trial or his previous postconviction motions. Jackson did not designate further matters to be included with the record in this appeal, nor did he object to the notice of certification prepared by the circuit clerk which shows the written record to contain only ninety-eight pages. "Our precedent is clear. When an appellate court does not have a complete record before it, that court *must* assume that the omitted portion supports the trial court's decision." *Commonwealth v. Woods*, 657 S.W.3d 902, 907 (Ky. 2022). Thus, we must assume the relevant portions of the record of Jackson's previous proceedings support the trial court's denial of postconviction relief.[2]

Typically, we would begin by discussing matters like our standards of review and what a movant must show to demonstrate ineffective assistance of counsel. However, we need not discuss those matters because this motion is fatally successive. We repeat what we stressed in *Jackson II*: Jackson is not entitled to multiple, successive attempts to gain postconviction relief under either RCr 11.42

---

[2] We reject Jackson's argument that this motion is not successive because his previous appeals were allegedly dismissed on procedural grounds. The reason(s) why Jackson sought to dismiss his previous appeals from the denials of postconviction relief is irrelevant. The bottom-line takeaway is that Jackson filed previous postconviction motions and thus cannot raise here issues which he could, and should, have raised previously. The mere existence of those prior motions makes this one fatally successive. Accordingly, we shall not order the record to be supplemented to provide us with the contents of his previous motions.

or CR 60.02.  *See, e.g.*, *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).  Accordingly, the postconviction motion at hand is fatally successive.

For example, Jackson argues his trial counsel was ineffective.  Jackson's trial was roughly twenty years ago and thus he could, and should, have raised any ineffectiveness arguments previously.  The same conclusion applies to Jackson's persistent argument that the Warren Circuit Court erred by allowing signature crime evidence pertaining to his Tennessee offenses.  That argument was rejected by our Supreme Court in *Jackson I*.  Longstanding Kentucky precedent holds that "[i]t is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court." *Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972).

The only arguments in Jackson's motion which are not plainly doomed as successive are his newly discovered evidence-type arguments pertaining to the vacation of his Robertson County, Tennessee convictions.  CR 60.02(f) permits relief based on newly discovered evidence only if the new evidence is "of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted." *Foley*, 425 S.W.3d at 886 (citations omitted).

Jackson's Tennessee convictions were vacated because he was not properly informed that a rape conviction would result in post-incarceration supervision. In other words, the Tennessee convictions were vacated on grounds unrelated to Jackson's guilt, and he may be convicted afresh of those offenses. The fact that Jackson was not informed of the post-incarceration supervision consequences under Tennessee law for rape convictions has *nothing* to do with the fairness of his Kentucky trial or the validity of his Kentucky robbery convictions.

We also reject Jackson's argument that he is entitled to relief under CR 60.02(e), which provides in relevant part that a party is entitled to relief from a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated . . . ." Though he vehemently argues to the contrary, Jackson's Kentucky convictions were not based on the Tennessee convictions simply because evidence of some Tennessee offenses were discussed in his Kentucky trial. Similarly, as explained by the trial court, Jackson properly remains in custody in Tennessee awaiting resolution of the charges which were vacated.

In short, Jackson has presented nothing "of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted." *Foley*, 425 S.W.3d at 886 (citations omitted). Accordingly, he is not entitled to relief on any of his "newly discovered evidence" claims stemming from some of his Tennessee

-8-

convictions having been vacated. And the remainder of his claims are fatally successive. We have considered all the arguments in the parties' briefs and reject as irrelevant, redundant, improperly preserved for our review, or otherwise without merit any arguments contained in the briefs which are not discussed in this Opinion.

For the foregoing reasons, the Warren Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Matthew M. Jackson, *pro se* Springfield, Tennessee | Daniel Cameron Attorney General of Kentucky |
| | Stephanie L. McKeehan Assistant Attorney General Frankfort, Kentucky |