RENDERED: APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0305-MR

TIM NOLAN                                   APPELLANT


v.             APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE JAY DELANEY, SPECIAL JUDGE
ACTION NO. 18-CI-00821


A.R.                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Timothy Nolan, appeals the Campbell Circuit

Court's February 7, 2022 Order granting partial summary judgment in favor of

A.R., Appellee. For the following reasons, we find no error and, therefore, affirm.

Nolan was an attorney in Kentucky and served as a judge in Campbell

County. In 2017, the Commonwealth brought a plethora of criminal charges

against Nolan. The Commonwealth charged Nolan with committing rape, sodomy,

and human trafficking, along with many other crimes, against more than twenty victims. Relevant here, the Commonwealth charged Nolan with three counts of human trafficking. On February 9, 2018, Nolan pleaded guilty to three counts of human trafficking per KRS[1] 529.100 and KRS 529.110.

On September 13, 2018, A.R., a minor, and one of Nolan's victims, initiated this civil lawsuit. Relevant to this appeal, A.R.'s first three counts alleged human trafficking/minor, promoting human trafficking/minor, and forced labor. On January 12, 2021, A.R. moved for summary judgment on her three human trafficking claims. In favor of summary judgment, she argued Nolan could not relitigate the issue of human trafficking as he already pleaded guilty to human trafficking on the same set of facts. The circuit court agreed and granted summary judgment on A.R.'s three human trafficking counts. This appeal follows.

A circuit court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material

---

[1] Kentucky Revised Statutes.

fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). Thus, appellate courts review a circuit court's summary judgment *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

However, "where the movant shows that the adverse party could not prevail under any circumstances" summary judgment is appropriate. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citing *Steelvest*, 807 S.W.2d at 480).

On appeal, Nolan alleges several errors. We address each in turn.

First, Nolan argues the court improperly relied on issue preclusion to bar relitigating the issue of human trafficking. Issue preclusion, or collateral estoppel, "bars the parties from relitigating any issue actually litigated and finally decided in an earlier action." *Yeoman v. Commonwealth*, 983 S.W.2d 459, 465 (Ky. 1998). "[Issue Preclusion] allows the use of an earlier judgment by one not a party to the original action to preclude relitigation of matters litigated in the earlier action." *Miller v. Admin. Off. of Cts.*, 361 S.W.3d 867, 871 (Ky. 2011).

> For issue preclusion to operate as a bar to further litigation, certain elements must be found to be present.

> First, the issue in the second case must be the same as the issue in the first case. Second, the issue must have been actually litigated[.] Third, even if an issue was actually litigated in a prior action, issue preclusion will not bar subsequent litigation unless the issue was actually decided in that action. Fourth, . . . the decision on the issue in the prior action must have been necessary to the court's judgment.

*Yeoman*, 983 S.W.2d at 465 (citations omitted).

Here, the issue in Nolan's criminal case and A.R.'s civil complaint are the same. Nolan pleaded guilty to human trafficking and promoting human trafficking pursuant to KRS 529.100 and KRS 529.110, respectively. In her complaint, A.R. alleges counts of human trafficking and promoting human trafficking per KRS 529.100 and KRS 529.110. KRS 431.082 allows for victims of human trafficking, like A.R., to bring a civil suit alleging violations of the criminal statutes. *See* KRS 431.082(1) ("In the event of the conviction of a defendant for the violation of any offense proscribed by KRS Chapter 510 or 531 or any human trafficking offense proscribed by KRS Chapter 529, the person who was the victim of the offense may bring an action in damages against the defendant in the criminal case."). We cannot say the issues are not the same.

Additionally, the issue of whether Nolan committed the criminal offenses is already litigated, and it was actually litigated; Nolan pleaded guilty to such. As Nolan acknowledges in his brief: "a criminal conviction can be used for purposes of collateral estoppel in a later civil action." *Roberts v. Wilcox*, 805

-4-

S.W.2d 152, 153 (Ky. App. 1991). Nevertheless, Nolan argues these issues were not actually litigated because Nolan merely pleaded guilty. There was no trial, and Nolan did not have the opportunity to cross-examine the witnesses against him. Nolan's argument must fail as "Kentucky courts do not distinguish between pleas of guilty and jury adjudications of guilty." *Moffett v. Shaw*, Nos. 2014-CA-000774-MR and 2014-CA-000879-MR, 2016 WL 426689, at \*4 (Ky. App. Jan. 29, 2016) (citing *Ray v. Stone*, 952 S.W.2d 220 (Ky. App. 1997)). For a court to accept a guilty plea, the criminally charged must affirmatively acknowledge all the rights the party waives, including the right to a trial by jury, the right to confront and cross-examine witnesses, and to protect from self-incrimination. *See Ray*, 952 S.W.2d at 222. Regardless, even if this issue was not actually litigated, the issue was undoubtedly decided, as pleading guilty operates as the defendant's admission of the crimes alleged.

Lastly, Nolan's criminal case is final. Currently, Nolan is challenging his counsel's effectiveness via RCr[2] 11.42. However, collateral attacks to final judgments, like RCr 11.42 motions, do not affect the finality of a judgment. Additionally, we note: "It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal

---

[2] Kentucky Rules of Criminal Procedure.

considered by this court." *Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972).

The circuit court appropriately applied issue preclusion and prohibited the parties from litigating the same issues already resolved in Nolan's criminal case.

Second, Nolan contends that allowing the civil case to proceed would infringe upon his constitutional right to remain silent. Pursuant to the Fifth Amendment to the United States Constitution: "No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. CONST. amend V. Nolan claims that if this case is allowed to move forward, Nolan will be forfeiting his right to remain silent because he has not "had [his] day in Court." (Appellant's Brief, p. 8.) To the contrary, Nolan has had his day in court; again, he pleaded guilty to the charges the Commonwealth levied against him. When one pleads guilty to a crime in Kentucky, one waives many rights including the right not to testify against oneself concerning the charges brought subject to that plea. *Centers v. Commonwealth*, 799 S.W.2d 51, 54 (Ky. App. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Having waived his right, he cannot invoke it now. Thus, the circuit court did not err in this regard.

Finally, Nolan presents a generic and undefined plea that "there is an issue of material fact" he would like to address "after he is afforded his day in

Court in relation to the criminal charges." (Appellant's Brief, p. 9.) We can make little sense of this argument unless Nolan is presuming his collateral attacks of the conviction will succeed and he will be able to testify in a new criminal trial.

Collateral attacks of convictions have been brought in this Court many years after conviction and, occasionally, one succeeds. However, Kentucky embraces "the strong public policy favoring finality of judgments[.]" *Commonwealth v. Graham*, 586 S.W.3d 754, 765 (Ky. App. 2019). Because of that policy, the courts will not halt related civil proceedings until every collateral assault on a criminal conviction plays out. Nolan had his day in court and exhausted all direct appeals of his conviction. *See Nolan v. Commonwealth*, No. 2018-SC-000321, 2020 WL 4047517, at *1 (Ky. Jul. 9, 2020).

The circuit court did not err and appropriately granted partial summary judgment on the first three counts of A.R.'s complaint.

Accordingly, we affirm.


ALL CONCUR.



BRIEF FOR APPELLANT:

John Hayden
Newport, Kentucky

BRIEF FOR APPELLEE:

William T. Lunceford
Erlanger, Kentucky