RENDERED:  AUGUST 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1092-MR

CARLTON E. MCINTOSH, SR.                                              APPELLANT


|       | APPEAL FROM WARREN CIRCUIT COURT |
|-------|----------------------------------|
| v.    | HONORABLE JOHN R. GRISE, JUDGE   |
|       | ACTION NOS. 05-CR-00347-002 AND 05-CR-00643 |


COMMONWEALTH OF KENTUCKY                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Appellant, Carlton McIntosh, Sr., appeals the Warren Circuit

Court's July 29, 2022 Order denying him post-conviction relief.  Having reviewed

the record, we affirm.

In 2008, the Kentucky Supreme Court affirmed a 2006 judgment of

conviction upon a jury trial for Appellant's 2005 first-degree robbery of a Bowling

Green bank.  *McIntosh v. Commonwealth*, No. 2006-SC-000421, 2008 WL

2167894, at *1 (Ky. May 22, 2008), *as modified on denial of reh'g* (Oct. 23, 2008) (hereinafter *McIntosh I*). Because the jury determined Appellant was a first-degree persistent felony offender (PFO), his sentence was enhanced to life in prison. *Id.* The Kentucky Supreme Court affirmed Appellant's convictions on all grounds. *Id.* at *9-10. One of those grounds is identical, or nearly so, to the claim of error here. The Supreme Court said:

> He contends that his PFO status was determined on the basis of incompetent evidence. . . . He argues that the Commonwealth relied upon inadmissible hearsay to prove his last discharge date and thus that it failed to prove the required temporal connection between this current offense and a prior one.
>
> . . . [B]ecause Mcintosh has not shown that he was prejudiced by the detective's hearsay, its admission cannot be deemed a palpable error.

*Id.* at *9.

In 2012, McIntosh filed an RCr[1] 11.42 motion challenging the effectiveness of his trial counsel. He repeated his claim there. This Court of Appeals said:

> McIntosh next argues trial counsel failed to object to evidence of his prior felony convictions and thus subjected him to an enhanced sentence. We discern no basis for relief on this ground for various reasons. First, on direct appeal, our Supreme Court held sufficient evidence supported McIntosh's PFO I enhancement and rejected his claim of palpable error. "It is not the purpose

---

[1] Kentucky Rules of Criminal Procedure.

of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court." *Thacker v. Commonwealth*, 476 S.W.2d 838 (Ky. 1972) (internal citations omitted).

The specific claim on direct appeal was that a detective repeated inadmissible hearsay to establish McIntosh's last discharge date. He now claims his PFO status was based on other incompetent evidence. ***All known claims should have been raised on the direct appeal***. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983) (direct appeal must state "every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken."). McIntosh does not claim he only recently learned of the flaws about which he now complains. Nor does he offer any explanation for omitting the new claims from his direct appeal. There must be finality to litigation; piecemeal attacks are not permitted.

Finally, status as a PFO I requires proof of just two prior felonies; the Commonwealth "introduced exemplified copies of four prior felony convictions." *McIntosh* [*I*], at *9.

*McIntosh v. Commonwealth*, No. 2012-CA-000527-MR, 2014 WL 3765496, at *6 (Ky. App. Aug. 1, 2014) (hereinafter *McIntosh II*) (emphasis added) (footnote omitted).

On July 7, 2021, fifteen (15) years after the trial, Appellant filed a motion for post-conviction relief pursuant to CR[2] 60.02(e) and (f), and later asked

---

[2] Kentucky Rules of Civil Procedure.

the court to amend this motion for relief pursuant to CR 60.03. He again claims the evidence of prior convictions was based on the police witness's hearsay testimony and other proof of prior felonies that did not satisfy the requirements of the enhancement statute. The court denied Appellant the relief requested, reasoning that his motions were untimely. This appeal follows.

We review a CR 60.02 motion's denial for abuse of discretion by determining "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). "[I]n granting or denying a CR 60.02 motion," the circuit court shall determine "whether the passage of time between judgment and motion was reasonable in light of the fading memories of witnesses." *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (citing *Harris v. Commonwealth*, 296 S.W.2d 700 (Ky. 1956)).

Appellant asks this Court to find the circuit court abused its discretion by failing to find palpable error amounting to manifest injustice. We decline. The reason can be stated in several ways, all related and all based on the fact that Appellant's same argument has been presented and rejected already.

First, if the issue was not preserved in *McIntosh I*, it could have been and should have been, as this Court held in *McIntosh II*. "Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which

could 'reasonably have been presented' by direct appeal or RCr 11.42 proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Second, Appellant's specific claim (to the extent he nuanced a distinction from what he presented in *McIntosh I*) was directly addressed in *McIntosh II* and this Court, in that case, denied Appellant the same relief he seeks here. "Final disposition of the [RCr 11.42] motion shall conclude all issues that could reasonably have been presented in the same proceeding." RCr 11.42(3).

Third, relief pursuant to RCr 10.26 requires "a determination that manifest injustice has resulted from the error." Because Appellant asked the Courts in both *McIntosh I* and *McIntosh II* to find manifest injustice in the testimony and evidence of his prior convictions presented to support the finding of his PFO status, that determination has already been made. In both cases, though he presented slightly different arguments, both Courts determined there was no manifest injustice. Appellant is now precluded from raising the issue again.

Fourth, palpable error is defined in RCr 10.26 as an error "which affects the substantial rights of a party[.]" A party has no right, much less a substantial one, to have a reviewing court consider the same argument in successive appeals. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). "The obvious purpose of this principle is to prevent the relitigation of issues which

either were or could have been litigated in a similar proceeding." *McQueen*, 948 S.W.2d at 416.

Furthermore, as the circuit court held, Appellant knew the claim too well and too long ago for a court to reach any conclusion other than too much time passed since the trial for the filing of the motion to be deemed within a reasonable time. CR 60.02(e) and (f).

Finally, Appellant was entitled to no relief under CR 60.03 because "[r]elief shall not be granted in an independent action [under CR 60.03] if the ground of relief sought . . . would be barred because not brought in time under the provisions of that rule." CR 60.03. We just affirmed the circuit court's determination to that very effect. Appellant's pursuit of a claim pursuant to CR 60.03 was properly denied.

We find no abuse of discretion in the circuit court's finding that Appellant's motions were untimely, having been filed fifteen (15) years after his conviction and when he knew or reasonably should have known of the claim of error. Under the facts of this case, the filing was not within a reasonable time.

Accordingly, the circuit court did not abuse its discretion when it found Appellant's motion to be untimely.

We affirm.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Carlton E. McIntosh, Sr., *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky